UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | CASE NO. 3:19CR00220 (VAB) |
|---|---|---|
| v. | : | |
| DERON FREEMAN | : | OCTOBER 14, 2021 |

## **DEFENDANT'S TRIAL MEMORANDUM**

Mr. Freeman respectfully submits this Trial Memorandum to aid the Court in its preparation for trial and its understanding of the nature of the dispute. As noted below, Mr. Freeman requests an opportunity at the conclusion of the evidence to provide the Court with (a) oral argument and (b) post-trial submissions proposing findings of facts and conclusions of law. Pursuant to Rule 23(c) of the Federal Rules of Criminal Procedure, after the close of the evidence and upon submission of post-trial briefing, Mr. Freeman will respectfully request that the Court issue a written decision acquitting him of each and every count charged in the Superseding Indictment.

1. **Nature of Case**

On September 5, 2019, the government returned a grand jury indictment charging Mr. Freeman with two counts of making and subscribing a false tax return in violation of 26 U.S.C. § 7206(1). The Court held a telephonic conference on April 19, 2021, with counsel for both parties participating. [ECF No. 36]. The parties agreed that the case will proceed by bench trial to commence on October 20, 2021. [ECF No. 34].

On May 10, 2021, the government returned a superseding indictment that contains an additional count of subscribing a false tax return in violation of 26 U.S.C. § 7206(1) and four new counts of failure to pay tax in violation of 26 U.S.C. § 7203. [ECF

No. 37]. Altogether, the superseding indictment includes the following seven counts for the following tax years:

- Counts I, II, IV – 26 U.S.C. § 7206(1) False Return for years 2011—2013;
- Counts III, V-VII – 26 U.S.C. § 7203 Failure to Pay for years 2012—2015.

## 2.     Non-Jury Trial

Trial by jury has been waived. A bench trial is set for October 20, 2021, at 9:00 a.m. before the Honorable Victor A. Bolden, United States District Judge. Estimated time for trial is 7 days, to conclude by Friday, October 29, 2021. The government estimates that its case-in-chief will take four to five days. The defense case, if any, will take approximately two days.

## 3.     Witnesses and Exhibits

Pursuant to the Court's Order of June 7, 2021 [ECF No. 40], defendant's preliminary witness and exhibit lists will be filed concurrently with this memorandum, as Exhibits A and B, respectively. Mr. Freeman is under no obligation to offer a defense and may merely choose to put the government to its burden of proof. Mr. Freeman thus reserves his right to modify or supplement his witness and exhibit lists.

## 4.     Stipulations

### A.     Authenticity

The government and Mr. Freeman agree that the following exhibits are authentic under Fed. R. Evid. 901(a) or 902 as bank, insurance company, financial, business, or government records:

1. Webster Bank (WEBSTER)
2. Peoples Bank (PUB)
3. IRS (IRS)
4. Travelers (TRAVELERS)
5. Hibband & Rosa Architects (H&R ARCH)

6. Schneider's Flooring America (SFA)
7. Lenard Engineering (LENARD ENG)
8. Stafford Mechanical (SMSINC)
9. Natural Audio
10. Lexus Financial (LEXUS)
11. Ally Financial (ALLY)
12. Ameriprise Financial (AMERIPRISE)
13. Ferrari Financial (FERRARI)
14. Nissan (NISSAN)
15. Town of Glastonbury (TWNGLAST)
16. CT Grievance Committee (GRIEVANCE)
17. CT DMV (CTDMV)
18. Asset Bookkeeping (ASSETSBKKG)

While reserving all rights to object on grounds of relevance or that the proffered evidence is unduly prejudicial, the government and Mr. Freeman stipulate that the documents reflected in Section A constitute business records of the stated entity (Fed. R. Evid. 803(6)); public records (Fed. R. Evid. 803(8)); and/or admissions of a party opponent (Fed. R. Evid. 801(d)(2)).

**B.     Summary Exhibits**

Regarding the charts and schedules in support as itemized in the summary charts section of the government's exhibit list (GX 1- 9) or otherwise identified as a summary on the government's final exhibit list:

The parties agree to the admissibility of the charts and schedules listed above provided that any such chart is offered into evidence through the witness(es) who participated in its preparation.  In an effort to markedly reduce the number of witnesses required for trial, the government will classify an item on the summary chart and/or explain any such classification based on the witness' personal knowledge and reasonable inferences drawn therefrom or on additional information learned during the course of the investigation without an objection for hearsay, provided that any such hearsay shall be limited to explaining the source and basis of the government's classification.  To the

extent that cross examination contests a specific classification, the defense reserves its right to present evidence to support its position and the government reserves its rights to call any rebuttal witness in support.

Counsel for Mr. Freeman notes that the government has continued to modify many of its summary charts and only moments before the filing of this Trial Memorandum produced a final set. Accordingly, while Mr. Freeman does not anticipate deviating from the above-referenced understanding between the parties, he cannot confirm as much without first having a reasonable opportunity to review the final charts with counsel.

**5.     Evidentiary Issues**

Mr. Freeman has submitted a motion in limine regarding Grievance Committee records. [ECF No. 53]. Specifically, Mr. Freeman respectfully submits that GX 163 & 164 are not relevant to the charges against him in this case. In addition, Mr. Freeman submits that he does not object to GX 168 & 169 provided the record is supplemented with the May 14, 2018 Memorandum of Decision by the Connecticut Superior Court, which directly addresses the matter of Mr. Freeman's IOLTA audit compliance, the same matter at issue in the government's proposed exhibits.

Mr. Freeman reserves his right to object to any evidence on grounds of relevance, prejudice, confusion, waste of time, or other reasons.

**6.     Applicable Statutes**

**A.     False Return**

Title 26, United States Code, Section 7206(1), provides in pertinent part as follows:

> Any person who . . . willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made

under the penalties of perjury, and which he does not believe to be true and correct as to every material matter . . .

shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 . . . or imprisoned not more than 3 years, or both, together with the costs of prosecution.

### B. Failure to Pay

Title 26, United States Code, Section 7203, provides in pertinent part as follows:

Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $25,000 . . . or imprisoned not more than 1 year, or both, together with the costs of prosecution.

### 7. Governing Law

Federal criminal tax statutes involve considerations that distinguish them from the majority of federal crimes. In particular, the intentionally unique treatment of the *mens rea* requirement for tax crimes was designed to reflect the complex if not convoluted nature and application of the tax law. *See Cheek v. United States,* 498 U.S. 192, 200 (1991) ("This special treatment of criminal tax offenses is largely due to the complexity of the tax laws."). Congress long ago determined that absent proof of the specific knowledge of wrongdoing that constitutes part of the tax-related crime, it would be all too easy to entrap those who at worst may be ignorant of their tax-related responsibilities under the Code. Accordingly, Congress established specific intent and willfulness as the thresholds for tax crimes. Whereas, for the majority of crimes, ignorance of the law is no excuse, for tax crimes – including the false return and failure to pay charges at issue here – it is.

In order to be convicted under Title 26, United States Code, Sections 7206 and 7203, a taxpayer must not only breach his or her duty under the Code, but also must do so with the specific intent to deliberately violate the law. Here, as in all tax cases, it is of fundamental importance to note that a defense based on lack of willfulness need not be objectively reasonable. That is, a taxpayer's genuine belief that his or her actions do not violate the law is a sufficient defense, regardless of whether that belief is later determined by others to be unfounded.

In order to convict Mr. Freeman of violating Sections 7206 and 7203, the statutory willfulness requirements demand proof beyond a reasonable doubt of "a voluntary, intentional violation of a known legal duty." *Cheek,* 498 U.S. at 201. A conviction under Sections 7206 and 7203 requires willful or intentional violation of the law, "which cannot be true if the jury credits a good-faith misunderstanding and belief submission, whether or not the claimed belief or misunderstanding is objectively reasonable." *Id.* at 202. Thus, *Cheek* stands for the proposition that a good faith misunderstanding as to the law or a good faith belief that one is not violating the law is sufficient to defeat all charges in this case, even where such belief is objectively unreasonable.

The defendant in *Cheek,* an airline pilot, asserted "he was not a person required to file a return or to pay income taxes and that wages are not taxable income, as incredible as such misunderstandings of and beliefs about the law might be." *Id.* at 203. The Supreme Court nevertheless held that it was error for the trial court to instruct that the defendant's asserted beliefs should *not* be considered in determining whether he had acted willfully. *Id.* at 207. If the factfinder determines the defendant's misunderstanding of the law is sufficient to raise reasonable doubt as to whether he

intentionally violated the law, he must be acquitted.

The Second Circuit recently clarified that, under *Cheek,* claims that provisions of the tax Code are *invalid* cannot support a good-faith defense because they reveal full knowledge of what is required under the law. *United States v. Weber,* 843 Fed. Appx. 364, 367-68 (2d Cir. 2021). In contrast, a jury cannot find that a defendant-taxpayer acted willfully "if he had a good-faith belief that he was not violating the law, even if that belief was irrational." *Id.* at 368.

The Second Circuit has repeatedly endorsed jury instructions explaining that negligence and even gross negligence is *not sufficient* to constitute willfulness. *See United States v. Ruffin,* 575 F.2d 346, 354 (1978). "A defendant is not willfully evading a tax if it is shown that he is merely careless in keeping his books or if he made errors of judgment or if he failed to hire a competent bookkeeper or accountant." *Id; see also Dyer,* 922 F.2d 105, 108 (2d Cir. 1990) (*citing United States v. Bishop,* 412 U.S. 346, 361) ("gross carelessness or negligence is not sufficient.").

**8. Discussion and Anticipated Evidence**

    **A. Counts One, Two and Four—Willfully Subscribing to a False Return**

The offense of willfully subscribing to a false return under Section 7206(1) has the following essential elements:

[a] Making and subscribing a return, statement, or other document which was false as to a material matter;

[b] The return, statement, or other document contained a written declaration that it was made under the penalties of perjury;

[c] The maker did not believe the return, statement, or other document to be true

7

and correct as to every material matter; and,

[d] The maker falsely subscribed to the return, statement, or other document willfully, with the specific intent to violate the law.

*See Tax Crimes Handbook*, Office of Chief Counsel, Criminal Tax Division (2009), https://www.irs.gov/pub/irs-utl/tax_crimes_handbook.pdf; *United States v. Bishop,* 412 U.S. 346, 350 (1973); *United States v. LaSpina,* 299 F.3d 165, 179 (2d Cir. 2002); *United States v. Pirro*, 212 F.3d 86, 89 (2d Cir. 2000).

It is the government's burden to establish beyond a reasonable doubt that the defendant acted willfully and knowingly, with the specific intent to evade his income obligations. *United States v. Slutsky,* 487 F.2d 832, 844 (2d Cir. 1973). "That means proof of a conscious, deliberate, purposeful act or omission, as opposed to an unconscious, unwilling, negligent or mistaken one." *Id.* Intent must be established by evidence independent of the mere understatement of income itself. *See Holland v. United States,* 348 U.S. 121, 140 (1954) (finding that "willfulness involves a specific intent which must be proven by independent evidence and which cannot be inferred from the mere understatement of income."); *see also Slutzsky,* 487 F.2d at 844 (recognizing withholding of material information from accountant and IRS combined with deceptive, parallel account entries as examples of independent evidence of intent).

In the present case, the government's evidence, which is purely circumstantial, does not establish beyond a reasonable doubt that, at the time Mr. Freeman signed his tax returns, he knew that they contained material falsehoods. For example, any underreporting of income resulted from Mr. Freeman's disorganized bookkeeping. During the years at issue, Mr. Freeman's solo personal injury practice experienced impressive growth that far outpaced the infrastructure of his small firm. The evidence

will show that despite significant efforts to reconcile his accounting for the years at issue, Mr. Freeman's books remained a mess. This Court can take judicial notice of the fact that the Connecticut Superior Court found Mr. Freeman's records to be "a disaster, to put it mildly." *See Disciplinary Counsel v. Deron Freeman,* 2018 WL 2749687 (Conn. Super. Ct. May 14, 2018). As Judge Robaina explained, "[t]o qualify it as simply sloppy or bad bookkeeping would be inadequate. There was no bookkeeping." *Id.* It is worth noting that the Superior Court's examination of Mr. Freeman's books began in January 2014 – immediately on the heels of the tax years for which he faces the false return charges (2011-2013).

Mr. Freeman did not ignore the problems that his poor bookkeeping practices created. The evidence will show that, beginning in 2014, Mr. Freeman hired a bookkeeper, upgraded his tax advisors, addressed his tax obligations, and paid hundreds of thousands of dollars in back taxes pursuant to a payment plan to which he and the IRS agreed—all occurring well before he was charged in this case or even knew he was under investigation.

The government's case is built largely on Mr. Freeman's expenditures. According to the government, from Mr. Freeman's spending patterns in 2011 through 2013, the Court can infer that Mr. Freeman must have known what his actual income was. To the contrary, however, the evidence will show that Mr. Freeman's larger expenditures were purchased with funds derived, not from his income, but from money that he borrowed from his brother. Simply put, Mr. Freeman's expenditures are minimally probative because they are not tethered to his income at the time. Moreover, from Mr. Freeman's perspective, there were a myriad of indicia of financial uncertainty, including for example his inability to borrow money from traditional lenders and his repeated

9

overdrafts in his law firm operating and personal checking accounts.

We further anticipate that the evidence will demonstrate that Mr. Freeman failed to avail himself of significant deductions which would have reduced his tax liability for the tax years at issue. This failure to take what may be hundreds of thousands of dollars in deductions was no more intentional than any underreporting of income; both represent good faith mistakes that resulted from sloppy accounting practices. The evidence will show that any inaccuracies were not the result of a specific intent by Mr. Freeman to violate the law. Had Mr. Freeman known that his individual tax returns for 2011, 2012, and 2013 were inaccurate, he would not have signed them.

### B. Counts Three, Five, Six and Seven – Willful Failure to Pay

Under Section 7203, the essential elements of the offense of failure to pay are:

[a] Person required by law to pay a tax;

[b] A failure to pay a tax at the time required by law; and,

[c] Willfulness.

*See Tax Crimes Handbook,* Office of Chief Counsel, Criminal Tax Division (2009), https://www.irs.gov/pub/irs-utl/tax_crimes_handbook.pdf; *Sansone v. United States,* 380 U.S. 343, 351 (1965). *United States v. Tucker,* 686 F.2d 230, 232 (5th Cir.), cert. denied, 459 U.S. 1071 (1982).

To act willfully for purposes of Section 7203 is to act voluntarily, purposefully, deliberately, and intentionally, as distinguished from accidentally, inadvertently, or negligently. "This longstanding interpretation of the purpose of the recurring word 'willfully' promotes coherence in the group of tax crimes." *See Bishop,* 412 U.S. at 360. The mere fact that a defendant lives in luxury does not of itself establish that the taxpayer willfully failed to pay. *Palermo v. United States,* 259 F.2d 872, 880-82 (3d Cir.

1958). Willfulness in misdemeanor failure to pay cases is the same as in felony tax offenses. Willfulness in this context simply means a voluntary, intentional violation of a known legal duty. *Cheek,* 498 U.S. at 201; *United States v. Powell,* 955 F.2d 1206, 1210 (9th Cir. 1992).

In the case where there is no claim that the duty imposed by the law is invalid, if the government proves actual knowledge of the pertinent legal duty, it has satisfied the knowledge requirement of the willfulness component. *Cheek,* 498 U.S. at 202. "But carrying this burden requires negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws." *Id.* at 201. It is the government's burden to prove a defendant's awareness of a legal duty "because one cannot be aware that the law imposes a duty upon him and yet be ignorant of it, misunderstand the law, or believe that the duty does not exist." *Id.* at 202.

Here, the government cannot prove beyond a reasonable doubt that Mr. Freeman's delay in paying his taxes rose to the level of a willful failure pay—i.e., a violation of a known legal duty. Indeed, the evidence will show that Mr. Freeman entered into multiple installment agreements with the IRS to address his back taxes. And Mr. Freeman was successful in making those payments. We anticipate the evidence will show that Mr. Freeman paid nearly $800,000 in back taxes over the three-year period between March 2016 and March 2019. Accordingly, any failure to pay on time was not the result of an intentional violation of a known legal duty. *See* 26 U.S.C. § 7203 ("who willfully fails to pay . . . *at the time or times required by law* . . .") (emphasis added).

**9.      Closing Submissions**

Counsel for Mr. Freeman requests an opportunity to provide the Court with (a) oral argument at the close of the evidence and (b) post-trial submissions proposing findings of facts and conclusions of law. Pursuant to Rule 23(c) of the Federal Rules of Criminal Procedure, Mr. Freeman respectfully requests that the Court issue a written decision acquitting him of each and every count charged in the Superseding Indictment.

Respectfully submitted,

DEFENDANT
DERON FREEMAN


By:   */s/ Brian E. Spears*
Brian E. Spears
Federal Bar No. ct14240
Ivan J. Ladd-Smith
Federal Bar No. ct30972
SPEARS MANNING & MARTINI, LLC
2425 Post Road, Suite 203
Southport, CT  06890
Phone: 203-292-9766
Facsimile: 203-292-9682
Email: bspears@spearsmanning.com
ladd-smith@spearsmanning.com


Richard R. Brown
Federal Bar No. ct00009
Cody N. Guarnieri
Federal Bar No. ct29237
BROWN PAINDIRIS & SCOTT, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Email: rbrown@bpslawyers.com
cguarnieri@bpslawyers.com

**CERTIFICATION**

I hereby certify that on October 14, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Brian E. Spears*
Brian E. Spears
Federal Bar No. ct14240