UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:19CR00220 (VAB) |
| v. | : | |
| DERON FREEMAN | : | JULY 14, 2022 |

## **DEFENDANT DERON FREEMAN'S SENTENCING MEMORANDUM**

The defendant, Deron Freeman, after a bench trial in the last week of October and November 1, 2021 was convicted of the seven counts in the Superseding Indictment. On April 18th the Court issued a 47-page Verdict and Special Findings, reflecting the same. Doc. 91. Sentencing is scheduled for the end of July. Since this was a Court Trial counsel does not feel a need to repeat all the evidence used to making findings of guilty; suffice it to say that the allegations concerned the tax years 2011 through 2015. They involved willful failure to pay taxes and subscribing to false tax returns by failing to report all taxable income for the tax years 2011, 2012 and 2013. Over the period of time in question, Mr. Freeman's law practice grew, and Mr. Freeman failed to give the necessary time and importance to paying his tax obligations quarterly. Rather, he engaged in a nonchalant manner, giving priority to all the "toys" he felt he needed in his life. He felt he was making up for all the years of his young life when he saw others with nice houses in fancy neighborhoods, driving top of the line cars. On reflection, after sitting through several days of testimony, he came to realize that he was chasing after fool's gold to get the happiness he sought for himself and his family;

to give his kids things that he did not have as a child.  Now he realizes that, ironically, the manner in which he went about it will now cause pain and suffering for his family, who never asked him for all those "things" and a huge house that he must now sell to pay the government.  Worst of all, he now knows he let down the family he loves so much.

In his statement to U.S. Probation Officer Angelica Deniz, he acknowledged that he lost his way and failed in his responsibilities to the IRS.  He has made it clear that it was his duty to report all income and to make that information known to any tax preparer.  He acknowledges that if he just took 10 minutes and compared his tax returns to his lifestyle and the amount of money he was spending, notwithstanding any money his brother had loaned him, that the amounts reported did not reflect reality.

As far as paying his taxes quarterly and settling up each April, he did feel that as long as he was willing to eventually pay his tab, along with interest for late payments, that things would be ok.  He now knows that if everyone took his attitude and paid when they felt like it, this country would have an impossible time functioning economically and meeting its obligations.  He told P.O. Deniz that it was not right to ignore IRS warnings; it was not right to make the IRS chase him for what was not rightfully his.  There did come a time when he finally started to make significant payments; there did come a time when he personally contacted the IRS to set up a payment schedule before being contacted by the IRS-CID.  While the government cynically suggests he did so only because he "knew" the IRS was chasing his brother, the fact is he did it, even though one tax consultant told him that he could wait longer.  In fact, instead of that "advice," the tax preparer should have told Mr. Freeman that

everyday you delay, aside from possible criminal penalties, the government would be charging more and more interest.

After having an opportunity to reflect on his choices after the verdict was issued, Mr. Freeman informed counsel that, notwithstanding his right to appeal the verdict, that it was time to accept and respect the verdicts; it was time to recognize that need to rethink what he did and make amends. Hence, there will be no appeal in this matter. Additionally, he made the determination, contrary to counsel's response to the presentence report, to accept the government's findings that the total tax still owing, even after any earlier payment is $352,652. Mr. Freeman instructed counsel to contact the U.S. Attorney's office and inform them of his decision and counsel did so.

On the issue of whether tax penalties and interest should be included in the "total loss" it still is the defendant's position that on his own Mr. Freeman reached an installment agreement with the IRS and that he paid approximately $500,000 in tax payments through 2018 and almost an additional $90,000 in interest and penalties with the late payments for the tax years 2011 through 2015; further that $354,403 in interest and penalties should not be included in the total loss because Mr. Freeman made such payments <u>before</u> any indictment or contact was had by the IRS. The total tax loss should be $226,760, not $662,024. While Section 2T1.1. Note #1 of the Guidelines allows for such calculations, as a matter of public policy, we want to encourage people, albeit late, to pay their taxes. If it does not matter irrespective of whether one pays or not before the IRS-CID shows up on one's doorsteps that you would be equally penalized, then an important incentive to pay is absent. Additionally, this case is different from many federal tax cases where the unreported income is typically from

3

criminal activity, such as embezzlements; this is not the case here. To include said interest and penalties is to over represent the criminal conduct in the instant matter, which already is serious enough.

Additionally, Mr. Freeman objects, as stated in paragraphs 70 and 79 of the Presentence Report, that a finding of obstruction of justice enhancement, per Guidelines Section 3CI.1 is warranted. Mr. Freeman in his testimony did not intend to mislead the Court. At the time of his testimony, he was only testifying about his state of mind back in the tax years in question and the logic, irrespective of how it sounds now, that from his dad and others he thought that as long as he eventually paid the tax and penalties, he would be fine. Of course, now his thinking is totally different, but back then his thinking was paying the government interest on his debt to the IRS was a way to handle his tax responsibilities.

For the aforementioned reasons, it is Mr. Freeman's position that a total offense level of 22 overstates the appropriate guideline level as stated in paragraph 83 of the presentence report.

Finally, it is Mr. Freeman's intent to make a sizable payment to the IRS toward the $357,652 tax figure described earlier in this memorandum. Even at this date, Mr. Freeman continues in his efforts to make amends for his wrongdoing. To that end, an additional significant payment of $300,000 will be made. Mr. Freeman cannot undo the past, but he can do things to right his ship by making amends for his wrongdoings. He is starting off by accepting responsibility for his criminal actions in not complying with IRS laws and regulations. He apologizes to the Government, the Court and to his family for putting everyone through this. He will be spending the future making up for

all those wrongdoings.  He blames no one else for his illegal activities. He will accept

the Court's sentence, respect it, and move on in a positive way.

                                        RESPECTFULLY SUBMITTED,
                                        DEFENDANT, DERON FREEMAN


                                        By __/s/CT00009_____
                                        Richard R. Brown, Esq.
                                        Brown Paindiris & Scott, LLP
                                        100 Pearl Street, 2nd Floor
                                        Hartford, CT 06103
                                        Tel  860.522.3343
                                        Fax 860.522.2490
                                        Fed. Bar CT00009


## CERTIFICATION

I hereby certify that on this 14th day of July, 2022 , a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all Parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

                                         _/s/CT00009_____
                                        Richard R. Brown, Esq.
                                        Brown Paindiris & Scott, LLP
                                        100 Pearl Street, 2nd Floor
                                        Hartford, CT 06103
                                        Tel  860.522.3343
                                        Fax 860.522.2490
                                        Fed. Bar Ct00009